IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

THE GREEN EARTH WELLNESS CENTER, LLC,

      Plaintiff,

v.

ATAIN SPECIALTY INSURANCE COMPANY,

      Defendant.

---

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

---

COMES NOW Plaintiff, The Green Earth Wellness Center, LLC ("Plaintiff"), complaining of Defendant, Atain Specialty Insurance Company ("Atain Specialty"), and file this Plaintiff's Original Complaint and Jury Demand and for cause of action would respectfully show the Court the following:

## I.
## Jurisdiction

1.    The Court has jurisdiction over the lawsuit under 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000.00, excluding interests and costs.  Defendant Atain Specialty is a corporation incorporated and domiciled in Michigan and does not have its principal place of business in Colorado.  Plaintiff is a citizen of Colorado.

## II.
## Venue

2.      Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.  Plaintiff was a limited liability company doing business in Colorado Springs, Colorado at all times relevant to this case; all activities alleged herein occurred in El Paso County; and Atain Specialty is licensed to transaction business in the State of Colorado.

## III.
## Parties

3.      Plaintiff is limited liability company doing business in Colorado Springs, Colorado.

4.      Defendant Atain Specialty is an insurance company domiciled in Michigan. Atain Specialty may be served with process by serving the Division of Insurance at 1560 Broadway, Denver, Colorado 80202.

## IV.
## Factual Background and Allegations

5.      Plaintiff was insured by Atain Specialty Insurance Company Policy Number: CIP143321at all times described in this Complaint.

6.      Plaintiff is the owner of the subject commercial property, located at 519 N. 30th St., Colorado Springs, CO 80904 and 505 N. 30th St., Colorado Springs, CO 80904 (the "Properties").  Plaintiff is the beneficiary of an insurance policy issued by Atain Specialty on the Property (the "Policy") with effective dates of June 29, 2012 through June 29, 2013.

7.      Starting June 23, 2012, a wildfire began approximately four miles northwest of Colorado Springs, Colorado.  The fire raged for more than two weeks until it was finally contained on July 10, 2012.  This fire would later be known as the "Waldo Canyon Fire" and

would ultimately destroy hundreds of homes and burn a total of 18,247 acres. The Waldo Canyon Fire was the most destructive fire in Colorado state history, causing more than $352.6 million in damage.

8.      On or about July 1, 2012, Plaintiff, The Green Earth Wellness Center, LLC, suffered damages from the heavy smoke and ash produced by the Waldo Canyon Fire.  The heavy smoke and soot generated by the fire caused widespread and significant damage to Plaintiff's Properties, including damage to business personal property and/or stock.  Plaintiff subsequently opened a claim with Atain Specialty.

9.      After receiving notice of Plaintiff's claim, Atain Specialty assigned the Plaintiff's claim to an adjuster.  Defendant Atain Specialty subsequently wrongfully denied Plaintiff's claim for repairs of the Property, business personal property and/or stock, even though the Policy provided coverage for losses such as those suffered by Plaintiff.

10.     On or about March 24 and June 7, 2013, Plaintiff's property was burglarized. Defendant denied the claim for burglary damages, citing the theft exclusion in the policy. Defendant failed to pay the covered loss resulting from damages to the building from burglars' entering and exiting the building. Such damages are covered under the theft exclusion of the policy, and were wrongly denied by Defendant.

11.     Defendant Atain Specialty failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy.  Specifically, Atain Specialty refused to pay the proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff.  Further, Defendant Atain Specialty

failed to conduct a reasonable investigation of Plaintiff's claim. Atain Specialty's conduct constitutes a breach of the insurance contract between Atain Specialty and Plaintiff.

**V.**
**Second Claim for Relief**
**Breach of Contract**

12.     Plaintiff incorporates by reference the previous allegations in paragraphs 1-16.

13.     After opening a claim with Atain Specialty, Plaintiff provided Atain Specialty with proof of the amount of its claim. Despite receiving information establishing the amount of Plaintiff's claim, Atain Specialty wrongfully denied the claim and refused to tender the fair and reasonable value of Plaintiff's claim under the Policy.

14.     By failing to honor the promises made to Plaintiff in the insurance policy, Atain Specialty has breached its contract with Plaintiff. As a result of Atain Specialty's refusal to honor the terms of the Policy, Plaintiff has suffered damages and losses.

**VI.**
**First Claim for Relief**
**Breach of the Implied Covenant of Good Faith and Fair Dealing**

15.     Plaintiff re-alleges and incorporates allegations 1-11 of this Complaint as if fully set forth herein.

16.     Because a contract of insurance existed between Atain Specialty and the Plaintiff, Atain Specialty owed Plaintiff a duty to deal with them fairly and in good faith in performing under the contract.

17.     Atain Specialty has violated its duty of good faith and fair dealing by, among other things, failing to offer to pay the Plaintiff an amount which it otherwise concluded to be a fair and reasonable amount for its losses and by compelling Plaintiff to institute litigation to recover amounts due under the agreement of insurance with Atain Specialty.

18.     Atain Specialty's behavior constitutes bad faith claims handling at Common Law and in violation of the provisions of C.R.S. §10-3-1104(h)(VII), as well as reckless disregard for the rights of its insured.

19.     As a result of Defendant's actions, Plaintiff has sustained damages and losses in amounts to be proven at trial.

## VII.
### Third Claim for Relief
### Violation of C.R.S. 10-3-1115 and 1116

20.     Plaintiff incorporates by reference the previous allegations in paragraphs 1-19.

21.     At all times pertinent hereto, the following statute of the state of Colorado was in effect:

**10-3-1115. Improper denial of claims – prohibited – definitions - severability.**

> (1) (a) A person engaged in the business of insurance shall not unreasonably delay or deny payment of a claim for benefits owed to or on behalf of any first-party claimant.

22.     C.R.S. §10-3-1116 provides a remedy for such denial or delay of payments in the form of "reasonable attorney fees, court costs, and two times the covered benefit."

23.     Atain Specialty has unreasonably denied or delayed payment to Plaintiff in violation of C.R.S. §10-3-1115.

24.     Atain Specialty is subject to the provisions of C.R.S. §10-3-1116 for double damages, court costs, and attorney fees in addition to those claimed elsewhere in this Complaint.

## VIII.
### Prayer for Relief

WHEREFORE, Plaintiff prays for damages against Defendant Atain Specialty as follows:

1.      Damages for breach of contract, including the value of benefits Plaintiff was entitled to receive under the policy that were not provided; damages for delayed payment; consequential damages; and reasonable interest on delayed payment.

2.      Compensatory damages against Defendant, including economic and noneconomic damages.

3.      Double damages, court costs, and reasonable attorneys fees incurred in prosecuting this action pursuant to C.R.S. §10-3-1116.

4.      An award of pre-judgment interest, costs, attorney fees where applicable, and

5.      Such other and further relief as this Court may deem just, equitable or proper.

Dated this 20th day of December, 2013.

**A JURY IS DEMANDED AS TO ALL ISSUES HEREIN**

Respectfully submitted,


By: */s/ Robert D. Green*
        Robert D. Green

**ROBERT D. GREEN & ASSOCIATES, P.C.**
440 Louisiana Street, Ste. 1930
Houston, Texas 77002
Telephone:  (713) 654-9222
Facsimile:  (713) 654-2155
e-mail:  green@greentriallaw.com
*Attorneys for Plaintiff*

By: */s/ Daniel P. Barton*                   
        Daniel P. Barton
        Ryan K. Haun

**BARTON LAW FIRM**
1201 Shepherd Drive
Houston, Texas 77007
Telephone: (713) 227-4747
Facsimile: (713) 621-5900
e-mail: dbarton@bartonlawgroup.com
e-mail: rhaun@bartonlawgroup.com
*Attorneys for Plaintiff*

OF COUNSEL:

Terry E. Rector, #11486
RECTOR LAW FIRM
131 S. Weber Street
Colorado Springs, CO 80903
Telephone:  (719) 578-1106
Facsimile:  (719) 635-3071
e-mail: trector@terryrectorlaw.com

L. Dan Rector, #7568
131 S. Weber Street
Colorado Springs, CO 80903
Telephone:  (719) 473-0075
Facsimile: (719) 635-3071
e-mail: ldanrec@comcast.net

Address of Plaintiff:

519 N. 30th St.
Colorado Springs, CO 80904
-and-
505 N. 30th St.
Colorado Springs, CO 80904