IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:13-CV-03452-MSK-BNB

GREEN EARTH WELLNESS CENTER LLC

     Plaintiff,

v.

ATAIN SPECIALTY INSURANCE COMPANY

     Defendant.

---

## ~~PROPOSED~~ PROTECTIVE ORDER

---

Defendant Atain Specialty Insurance Company ("Atain"), through its attorneys, Lasater & Martin, P.C., and Plaintiff Green Earth Wellness Center LLC ("Green Earth"), through its attorneys, Robert D. Green & Associates, P.C., stipulate, agree, and respectfully request that this Court enter the following Protective Order.

     THE COURT FINDS:

1.     This case was initiated by Green Earth on December 20, 2013.  Undersigned counsel participated in a scheduling order teleconference on March 10, 2014.  Shortly after the scheduling order teleconference, Atain's counsel contacted Green Earth's counsel regarding the entry of a protective order governing the use and disclosure of confidential and proprietary business information by the parties.

2. Atain and Green Earth have filed their initial disclosures in this case. Atain withheld the disclosure of its confidential information from its initial disclosures, awaiting the entry of a protective order governing the use and disclosure of such information.

3. Atain wishes to protect private business records containing confidential and proprietary business information for which some degree of protection is appropriate.

4. The public disclosure of such information may damage Atain.

5. Therefore, the Court finds that Atain has established good cause for the issuance of a protective order regarding the disclosure of these private records under F.R.C.P. 26(c)(1)(G). *See McClellan v. Blazin' Wings, Inc.*, 675 F. Supp. 2d 1074, 1081-1082 (D. Colo. 2009) (holding that the Court may enter a protective order pursuant to Fed. R.Civ. P. 26(c)(1) to protect confidential commercial information).

IT IS THEREFORE ORDERED:

A. All information and materials disclosed, produced, or otherwise learned during discovery or other proceedings in this case will be used by the parties only in connection with this case.

B. The parties desire and intend to preserve the attorney-client privilege, the work product doctrine and any other privilege recognized under Colorado law. No party presently intends to testify about, disclose, or produce communications or documents protected from disclosure by the attorney-client privilege, work product privilege, or any other privilege recognized by Colorado law. The parties agree to confer should it be discovered that any privileged matter has been disclosed or produced in disclosures or discovery.

C. Certain discovery responses, testimony, documents, electronic documents, computer files, computer information, or other materials disclosed, produced, or otherwise learned of in

this case may constitute or include confidential business information and proprietary information ("Protected Material").  Unless disclosure of these Protected Materials is limited, actual and substantial injury may be suffered.  The following processes shall be used by the parties to designate and process Protected Material:

1. <u>Designation of Protected Material</u>.  Protected Material may be designated as follows:

    a. By placing a "CONFIDENTIAL" designation on the document so as not to interfere with the subject matter of the document; or

    b. By providing written notice of the "CONFIDENTIAL" designation (by Bates numbered page or page range, identification of computer files, etc.) at the time of disclosure or within 30 days of production or disclosure of the Protected Material in any discovery responses, testimony, documents, electronic documents, computer files, computer information, or other materials produced in this case.  The inadvertent or accidental production or disclosure of Protected Material without a "CONFIDENTIAL" designation shall not constitute a waiver of protection under this Order if the producing party provides written notice that the information or material is Protected Material.

3. <u>Contesting the Designation of Protected Material</u>**.  A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information.  The written notice shall identify the information to which the objection is made.  If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as**

**CONFIDENTIAL to file an appropriate motion requesting that the court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.**

~~The parties shall confer if the designation of Protected Material as "CONFIDENTIAL" is disputed. If the dispute is unresolved, the matter shall be referred to the Court for resolution. The contested information or material shall continue to be treated as "CONFIDENTIAL" until the matter is resolved by the Court.~~

4. <u>Derivative Protected Material</u>. Protected Material shall include (a) all copies, extracts, and complete or partial summaries prepared from or discussing information or materials marked as "CONFIDENTIAL"; (b) portions of deposition transcripts and exhibits to depositions containing or reflecting the content of information or materials marked as "CONFIDENTIAL"; (c) deposition testimony designated as "CONFIDENTIAL" in accordance with this Order; and (d) portions of answers or responses to interrogatories, requests for admissions or other formal or informal

discovery requests or responses which contain or reflect the content of information or materials marked as "CONFIDENTIAL".

5. Limitation on Use of Protected Materials.  Protected Material shall be used only for the purposes of this case and for no other purpose.  Protected Material may be disclosed solely for the purpose of this case to (a) the Court, court personnel, and court reporters; (b) the parties' lawyers and staff, whether employees or independent contractors; and (c) the parties and their employees, agents, contractors, officers, and directors, all of whom may review and use the information solely for the purpose of the case.  In addition, Protected Material may be disclosed to the following people upon the written agreement to abide by this Order by each person to which Protected Material is disclosed to: (d) experts, consultants, or advisors, and their staffs, acting on behalf of one or more of the parties; and (e) noticed or subpoenaed witnesses and their counsel.

6. Deposition Testimony.  If Protected Material is used or discussed in a deposition, any party may designate the information or material as "CONFIDENTIAL" at the time of the deposition, and the reporter shall mark the information or material as "CONFIDENTIAL."  At the time any information or material is marked as "CONFIDENTIAL" by the reporter, all counsel in possession or control of any information or material shall similarly mark all copies as  "CONFIDENTIAL."

7. Use in Court Filings.  **Any request to restrict access must comply with the requirements of D.C.COLO.LCivR 7.2.**  ~~If a party uses Protected Material in connection with a document filed with the Court, the party shall file the Protected~~

~~Material as suppressed or sealed.~~

8. <u>Further Protections</u>. This Order shall not preclude a party from seeking additional relief with respect to the confidentiality of documents or other discovery materials.

9. <u>Return of Protected Material</u>.  Within 30 days after the termination or dismissal of this case, unless otherwise agreed to in writing, each party shall return or destroy all disclosed or produced Protected Material in the party's possession or control.

D.      This Order shall be binding on all parties, including any party later joined in this case. The Order may be modified upon a showing of good cause.  The Order shall continue to bind the parties after the termination or dismissal of this case, or until canceled or otherwise modified by Order of this Court.

Dated July 18, 2014.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

STIPULATED AND AGREED TO:

| | |
|---|---|
| */s/ Robert D. Green* | */s/ Reid V. Jennings* |
| Robert D. Green | Melissa A. Ogburn |
| Hunter M. Klein | Reid V. Jennings |
| Robert D. Green & Associates, P.C. | Lasater & Martin, P.C. |
| 440 Louisiana St., Ste. 1930 | 8822 South Ridgeline Boulevard, Suite 405 |
| Houston, Texas 77002 | Highlands Ranch, Colorado 80219 |
| P: (713) 654-9222 | P: (303) 730-3900 |
| F: (713) 654-2155 (fax) | F: (303) 730-3939 |
| *Attorneys for Green Earth Wellness Center LLC* | *Attorneys for Atain Specialty Insurance Company* |