IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:13-CV-03452-MSK-BNB

GREEN EARTH WELLNESS CENTER LLC

    Plaintiff,

v.

ATAIN SPECIALTY INSURANCE COMPANY

    Defendant.

---

**DEFENDANT'S MOTION FOR DETERMINATION OF QUESTION OF LAW REGARDING LEGAL INTERPRETATION OF POLICY PROVISION**

---

Defendant Atain Specialty Insurance Company ("Atain"), through its attorneys, Pryor Johnson Carney Karr Nixon, PC, submits the following Motion for Determination of Question of Law Regarding Legal Interpretation of Policy Provision ("Motion"). As grounds therefore, Atain states as follows:

### CERTIFICATE OF CONFERRAL PURSUANT TO D.C.COLO.CIV.R 7.1(A)

Undersigned counsel discussed the grounds for this motion and the relief requested with counsel for the Plaintiff. Plaintiff opposes the relief requested herein.

### I. INTRODUCTION

Green Earth Wellness Center, LLC ("Green Earth"), filed this action against Atain, alleging that Atain breached the terms of the insurance policy it issued to Plaintiff, Policy No. CIP143321, with an effective policy period of June 29, 2012, to June 29, 2013 (the "Policy"), when it, *inter alia*, denied Plaintiff's claim for losses arising out of the Waldo Canyon fire (the

"Waldo Canyon Fire Claim"). Of importance to the Waldo Canyon Fire Claim, the parties dispute the actual date of loss. Plaintiff appears to believe that all of the losses at its facilities commenced on July 1, 2012. Atain believes that the losses commenced prior to the Policy's inception on June 29, 2012. For facts relating to the date of loss, see Stipulation, Doc. No. 71, ¶¶ 13-40. Plaintiff has persistently refused to stipulate to a date of loss even if explicitly limited for purposes of this Motion only. *See* email exchange regarding proposed Stipulated Fact No. 32, **Exhibit A**. However, interpretation of the Policy is a legal question that must be addressed by this Court and an interpretation of the Policy language addressed below is relevant to determining whether any judgment should enter against Atain.

A real controversy has arisen with respect to this Policy language in that the parties dispute how the Policy would apply, if the damages were determined to first commence prior to the Policy but extend past the Policy's inception. Atain takes the position that all damages are precluded from coverage if they first commenced prior to the Policy's inception, even if the damages continued into the policy period. Through questioning at depositions and discussions amongst counsel, Plaintiff has taken the position that even if the damages were determined to first commence prior to the policy's inception date, those damage that continued past the inception date would be covered. Therefore, Atain asks this Court for a legal interpretation and determination of the Policy's provision, a question appropriately addressed by this Court and which would be improper for a jury. *Union Ins. Co. v. Houtz*, 883 P.2d 1057, 1061 (Colo. 1994) ("The interpretation of a contract, including a contract for insurance, is a matter of law…"); *Compass Ins. Co. v. City of Littleton,* 984 P.2d 606, 613 (Colo. 1999) ("The interpretation of an insurance contract is a matter of law…").

## II. ARGUMENT

Plaintiff's first claim submitted against the Policy concerns the Waldo Canyon fire, as fully discussed in Atain's Motion for Summary Judgment, docket no. 72. Of relevance to this Motion, the Policy provides:

**COMMERCIAL PROPERTY CONDITIONS**

This Coverage Part is subject to the following conditions, the Common Policy Conditions and applicable Loss Conditions and Additional Conditions in Commercial Property Coverage Forms.

**H.    POLICY PERIOD, COVERAGE TERRITORY**

Under this Coverage Part:

1. We cover loss or damage *commencing*:
   a. During the policy period shown in the Declarations; and
   b. Within the coverage territory.

2. The coverage territory is:
   a. The United States of America (including its territories and possessions);
   b. Puerto Rico; and
   c. Canada.

Stipulations, ¶ 10, CP 00 90 07 88 (emphasis added). According to this plain language of the Policy, only those damages that first commence during the policy period are covered. Any damages that commence prior to the inception of the Policy, even if they continue to worsen or occur after the Policy incepts, are not covered by the Policy.

Although no Colorado appellate court has directly considered this policy language, cases in other jurisdictions are instructive and persuasive. The U.S. District Court for the Eastern District of Pennsylvania held:

3

> The first disputed provision of the policy in this case is the "Commercial Property Conditions" provision, which states that "[w]e cover loss or damage commencing ... [d]uring the policy period shown in the Declarations." (Doc. No. 14 at 6). The essential word in this provision is "commencing," as Plaintiff contends that the second fire commenced within the Policy's coverage period, March 12, 2004 through March 12, 2005. The verb "commence" means "to have or make a beginning." Merriam–Webster Collegiate Dictionary 230 (10th ed.2000). The noun "beginning" means "the point at which something begins," "origin," "source," "a rudimentary stage or early period." *Id.* at 102. Based upon these straightforward definitions, we conclude that the "Commercial Property Conditions" provision is not ambiguous and may be construed based on the plain meaning of its language. Specifically, we conclude that in using the word "commence" in this provision, the parties intended that coverage under the Policy would apply to loss or damage that occurs outside of the coverage period so long as that loss had its beginning within the policy period. *See also Shields v. Reader's Digest Ass'n, Inc.*, 331 F.3d 536, 545 (6th Cir.2003) ("To commence is '[t]o initiate by performing the first act or step ... [or][t]o begin, institute or start.") (*citing* Black's Law Dictionary 268 (6th ed.1990)).

*Cher-D, Inc. v. Great Am. Alliance Ins. Co.*, No. CIV.A. 05-5936, 2009 WL 943530, at *5 (E.D. Pa. Apr. 7, 2009).

The same interpretation is appropriate in the instant action. That is, the losses claimed by Plaintiff are covered so long as they began or started during the policy period. If no damages arose from losses commencing during the policy period, then no coverage is available. Stated differently, if the losses began prior to the policy period, even if they continued into the policy period, no coverage is available. Therefore, and regarding the Waldo Canyon Fire Claim, it is Atain's position that if the jury determines that Plaintiff's losses began prior to the Policy's inception on June 29, 2012, Plaintiff's breach of contract claim related to the Waldo Canyon Fire Claim must fail, as a matter of law. Because the parties' dispute the interpretation of this policy

provision, Atain requests this Court provide a legal interpretation of the Policy and hold that any losses, which the jury determines to have first commenced prior to June 29, 2012, to be precluded from coverage under the Policy.

WHEREFORE, Defendant Atain Specialty Insurance Company respectfully prays that this Honorable Court enter an order finding that any losses, which the jury determines to have first commenced prior to June 29, 2012, to be precluded from coverage under the Policy in their entirety.

Respectfully submitted this 29th day of April 2015.

PRYOR JOHNSON CARNEY KARR NIXON, PC

/s/ Melissa Ogburn

Melissa A. Ogburn, #34910
Lauren P. Shannon, #47395
5619 DTC Parkway, Suite 1200
Greenwood Village, CO 80111
MOgburn@pjckn.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I certify that on this 29th day of April 2015, a true and correct copy of the foregoing **DEFENDANT'S MOTION FOR DETERMINATION OF QUESTION OF LAW REGARDING LEGAL INTERPRETATION OF POLICY PROVISION**, was filed with the clerk of court using Pacer, which will send notification of such filing to all counsel of record.

Robert D. Green
Hunter Klein
Robert D. Green & Associates, P.C.
440 Louisiana Street, Suite 1930
Houston, TX 77002
green@greentriallaw.com
klein@greentriallaw.com
*Attorneys for Plaintiff*

Daniel P. Barton
Ryan K. Haun
Barton Law Firm
1201 Shepherd Drive
Houston, TX 77007
dbarton@bartonlawgroup.com
rhaun@bartonlawgroup.com
*Attorneys for Plaintiff*

Terry E. Rector
Rector Law Firm
131 S. Weber Street
Colorado Springs, CO 80903
trector@terryrectorlaw.com
*Attorneys for Plaintiff*

L. Dan Rector
Rector Law Firm
131 S. Weber Street
Colorado Springs, CO 80903
ldanrec@comcast.net
*Attorneys for Plaintiff*

/s/ Linda Van der Veer
_____
Linda Van der Veer