IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03452-MSK-NYW

GREEN EARTH WELLNESS CENTER LLC,

    Plaintiff,

v.

ATAIN SPECIALTY INSURANCE COMPANY,

    Defendant.

---

# ORDER

---

Magistrate Judge Nina Y. Wang

This civil action comes before the court on Defendant's Motion to Strike Plaintiff's Non-Retained Experts ("Motion to Strike") [#76, filed April 26, 2015], which was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), the Order of Reference dated January 3, 2014 [#6], the Reassignment dated February 9, 2015 [#65], and the Memorandum dated November 4, 2015 [#99]. This court has reviewed the Parties' briefing, the entire court file, and the applicable case law, and has determined that oral argument would not materially assist in the disposition of this instant Motion to Strike. Upon consideration, this court **GRANTS IN PART and DENIES IN PART** the Motion to Strike.

## BACKGROUND

This case arises from a dispute over insurance coverage associated with damage to Plaintiff Green Earth Wellness Center, LLC ("Plaintiff" or "Green Earth") caused by the Waldo Canyon fire in June 2012. Green Earth owned two commercial properties, located at 519 N. 30th

St., Colorado Springs, CO 80904 and 505 N. 30th St., Colorado Springs, CO 80904 (the "Properties") that were insured by Defendant Atain Specialty Insurance Company ("Defendant" or "Atain") at the time of the Waldo Canyon fire. [#1 at ¶¶ 5-7]. As a result of the fire, the Properties and Plaintiff's business stock sustained significant smoke and soot damage. [*Id.* at ¶ 8]. Atain denied coverage for this damage. In March 2013, and then again in June 2013, the Properties were burglarized. [*Id.* at ¶ 10]. Atain also denied coverage for the damage purportedly caused by the burglaries.

Plaintiff asserts the following claims against Defendant: (1) breach of contract; (2) breach of the implied warranty of good faith and fair dealing; and (3) statutory bad faith breach of contract. [*Id.*]. The court entered a Scheduling Order on March 31, 2014, setting out deadlines for expert disclosures. [#20]. The Parties were required to designate all experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before July 29, 2014. [*Id.* at 8]. Rebuttal expert designations and reports were due on or before August 29, 2014. [*Id.*]. While the disclosure requirements for the respective type of expert testimony are different, Rule 26(a)(2) pertains to both specially-retained experts as well as non-retained experts. Fed. R. Civ. P. 26(a)(2).

On July 29, 2014, Plaintiff served its Expert Disclosures pursuant to Fed. R. Civ. 26(a)(2). [#76-1]. Plaintiff supplemented these disclosures in September, and again in October, 2014. [#82-1]. In its disclosures, Plaintiff identifies a number of non-retained expert witnesses, both by names and using "Current and Former Employees, Agents and/or Representative of [Entity]" as an identifier. *See e.g.* [*id.* at 4]. Defendant now seeks to strike the designations of the non-retained experts, based on inadequate disclosure pursuant to Fed. R. Civ. P. 26(a)(2)(C).

[#76]. Plaintiff opposes, contending that its disclosures comply with the requirements of Rule 26(a)(2)(C), and that Defendant has had the opportunity to fully depose all of the designated non-retained expert witnesses. [#82]. Defendant filed a Reply on June 2, 2015 [#85], and the instant Motion to Strike is now ripe for disposition.

## ANALYSIS

### I. Standard of Review

Rule 26(a)(2) of the Federal Rules of Civil Procedure provides that a party must disclose to all other parties the identity of any person who may be used at trial to present evidence under Rule 702, 703, or 705 of the Federal Rules of Evidence. Fed. R. Civ. P. 26(a)(2)(A). Pursuant to Rule 26(a)(2)(C), expert witnesses not required to provide a written report by Rule 26(a)(2)(a) must, absent contrary stipulation or court order, provide a disclosure stating the "subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705" and "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C)(i-ii). This court has traditionally employed a burden-shifting analysis for determining whether the requirements of Rule 26(a)(2) have been satisfied. *Morris v. Wells Fargo Bank, N.A.*, No. 09–cv–02160–CMA–KMT, 2010 WL 250108, at *1 (D.Colo.2010). The party moving to strike the witness bears the initial burden of showing that the disclosing party failed to comply with Rule 26(a)(2) properly. *Id*. Then the burden shifts to the disclosing party to demonstrate sufficiency. *Id*.

A violation of Rule 26(a)(2) is addressed by the court pursuant to Rule 37(c) of the Federal Rules of Civil Procedure. Rule 37(c)(1) provides:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a

3

motion, at hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:

> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
> (B) may inform the jury of the party's failure; and
> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(iv).

Fed. R. Civ. P. 37(c)(1). The determination as to whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the court. *Woodworker's Supply, Inc. v. Primcipal Mt. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999). In exercising its discretion, the court's consideration is guided by the following four factors: (1) the prejudice or surprise to the impacted party; (2) the erring party's ability to cure the prejudice; (3) the potential for trial disruption; and (4) the erring party's bad faith or willfulness. *Id*.

## II. Application

### A. Failure to Identify or Specify Particular Individuals

As discussed above, Rule 26(a)(2)(A) requires that a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. Fed. R. Civ. P. 26(a)(2)(A). By its plain terms, the Rule requires that a party disclose the identity of the witness, not simply a potential category of individuals from which a party can later select an expert. Plaintiff fails to point to any authority, controlling or persuasive, to support its contention that simply identifying non-retained experts by category is sufficient to satisfy its obligation under the Federal Rules. Indeed, such a practice would certainly not advance the purpose of Rule 26(a), which is to prevent unfair surprise at trial and to facilitate orderly, pretrial preparation. *Cook v. Rockwell Int'l Corp.*, 580 F. Supp. 2d

1071, 1122 (D. Colo. 2006); *Anderson v. Seven Falls Co.,* No. 12-CV-01490-RM-CBS, 2013 WL 3771300, at *5 (D. Colo. July 18, 2013) (observing that "[t]he expert witness discovery rules are designed to aid the court in its fact-finding mission by allowing both sides to prepare their cases adequately and efficiently and to prevent the tactic of surprise from affecting the outcome of the case").

Therefore, to the extent Plaintiff has repeatedly identified categories of individuals as: "current and former employees, agents, and/or representatives of The Green Earth Wellness Center, LLC"; "current and former employees, agents, and/or representatives of Atain Specialty"; "current and former employees, agents, representatives and custodian of records of CRI Services"; "current and former employees, agents, representatives and custodian of records of Minuteman Adjusters, Inc."; "current and former employees, agents, representatives, and custodian of records of NHI General Adjusters"; "current and former employees, agents, representatives and custodian of records of AmericClaim of Southern Colorado"; "custodian of records for Colorado Springs Police Department"; and "current and former employees, agents, representatives and custodian of records of Phoenix Engineering and Investigations, Inc.," this court finds that such disclosures are insufficient to satisfy Rule 26(a)(2)(A).

### B. Sufficiency of Disclosures under Rule 26(a)(2)(C)

Defendant also challenges the sufficiency of the disclosures for the individuals who have been specifically named ("already-identified non-retained experts"). The Parties agree that any disclosure of expert testimony of these non-retained experts is governed by Rule 26(a)(2)(C). That Rule requires a non-retained expert to provide a disclosure that states (1) the subject matter on which the witness is expected to present evidence under Federal Rules of Evidence 702, 703,

or 704; and (2) a summary of the facts and opinions to which the witness is expected to testify. Fed. R. Civ. P. 26(a)(2)(C).

"A summary is defined as a brief account that states the main points of a larger body of information." *Nicastle v. Adams County Sheriff's Office*, No. 10-cv-00816-REB-KMT, 2011 WL 1674954 at *1 (D. Colo. May 3, 2011). Green Earth cannot satisfy its obligations under Rule 26(a)(2)(C) by merely pointing to large swaths of information, like general references to otherwise unidentified deposition testimony. *See* [#82 at 3]. Nor do Plaintiff's supplemental expert disclosures made on September 30, 2014 or October 31, 2014 [#82-1 at 13-32] provide the requisite specificity. There is no identification of either facts upon which the non-retained experts are expected to rely, or the opinions that these individuals are expected to offer. Plaintiff's catch-all language at the end of each set of disclosures, *i.e.*, "Plaintiff offers this designation in supplementation of all interrogatories, requests for production, deposition questions, and other discovery devices seeking information regarding Plaintiff's expert witnesses and persons with knowledge of relevant facts," *see e.g.*, [#82-1 at 31], further underscores the flaws in Plaintiff's disclosures. Rule 26(a)(2)(C) disclosures are meant to define the scope of expert testimony so that an opposing party can be prepared to address the opinions proffered, not open up the testimony of any witness to include expert testimony so long as it has been disclosed somewhere in discovery. "Designation of such a prodigious volume of material does not constitute a summary of the facts to which the witness [] will testify within the meaning and requirements of Rule 26(a)(2)(C)." *See Nicastle*, 2011 WL 1674954, at *1.

Plaintiff's disclosures are overly broad, generic and vague, and provide the opposing Party and this court no guidance as to the scope or basis of intended expert testimony from the

non-retained experts, as opposed to any factual testimony that these individuals may also provide. *See A.R. by Pacetti v. Corp. of President of Church of Jesus Christ of Latter-Day Saints,* No. 12-CV-02197-RM-KLM, 2013 WL 5462277, at *3 (D. Colo. Sept. 30, 2013) (holding there was "no indication from the generic and vague disclosure that Plaintiff kn[ew] any of the facts and opinions about which [the expert] would be expected to testify if called as an expert") (citing *Silver v. Shapiro,* No. 10–cv–01856–CMA–KLM, 2011 WL 1321798, at *3 (D. Colo. Apr. 5, 2011)). Accordingly, this court finds that even for the individuals specifically named in Plaintiff's disclosures of non-retained experts, Plaintiff has failed to satisfy the requirements as set forth in Rule 26(a)(2)(C).

C.   **Appropriate Sanction**

The court now turns to consider the appropriate sanction under Rule 37(c), which provides that a witness who is not properly disclosed may not be used at trial unless the failure to disclose was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1). Despite the mandatory language of the Rule, the court has discretion to fashion an appropriate sanction in lieu of or in addition to striking the witnesses. *Sender v. Mann*, 225 F.R.D. 645, 655-56 (D. Colo. 2004). "The Court must choose a sanction that is both just and related to the particular issue that was implicated by the discovery violation." *See Jama v. City & Cty. of Denver*, 304 F.R.D. 289, 300 (D. Colo. 2014) (*citing Procter & Gamble Co. v. Haugen*, 427 F.3d 727, 738 (10th Cir.2005)).

As discussed above, the court's consideration under Rule 37(c) is guided by the following factors:  (1) the prejudice or surprise to the impacted party; (2) the ability to cure the prejudice; (3) the potential for trial disruption; and (4) the erring party's bad faith or willfulness. *Woodworker's Supply,* 170 F.3d at 993. Plaintiff contends that any failure to properly designate

7

was harmless because Defendant had an opportunity to depose (and did depose) the witnesses and most of the complained of witnesses were in the sole and exclusive control of Defendant. [#82 at 4]. Defendant disagrees, arguing that Plaintiff's deficient disclosures did not properly provide adequate opportunity for Defendant to depose witnesses and the bulk of the witnesses are not within its custody and control. [#85].

Because Plaintiff has failed to sufficiently identify the scope of the intended expert testimony for the named non-retained experts (*e.g.*, Justin Flowers), this court cannot determine whether the failure to disclose is, in fact, prejudicial or a surprise to Defendant. Defendant does not dispute the fact that it took the depositions of a number of the individuals who are identified as non-retained experts, *i.e.*, Mr. Flower, Christopher Fallis, Tom Dufour, Robert Trombley, Scott Boyd, and Shannon Anderson. *Compare* [#82 at 3] *with* [#76-1]. But without a specific Rule 26(a)(2)(C) disclosure to compare with a deposition transcript or other discovery, there is no evidence upon which this court can assess whether the failure to disclose results in actual surprise or prejudice to Defendant, or whether there is any need to cure such surprise or prejudice, or whether, as Plaintiff contends, these unidentified opinions have been previously disclosed through discovery.

Plaintiff contends that the "designation and subject matter was made in sufficient time for the Defendant to depose and/or object." [#82 at 4]. This court respectfully disagrees that the designation was made with sufficient time for the Defendant to make any type of educated decision about how to structure upcoming depositions or whether to take additional depositions. The court does agree that Defendant could have objected to the disclosures prior to the filing of this motion in April 2015 – six months after the close of discovery – and the court's evaluation

of the possibility to cure any prejudice would necessarily be different than it is today. However, this court rejects any suggestion that discovery should be reopened now for any curative measures. It does not appear that Plaintiff made any attempt after the filing of the Motion to Strike to clarify the scope of the expert testimony for the identified individuals, despite having notice of Defendant's concerns. Discovery has been closed for over a year, and dispositive motions and Rule 702 motions have been filed and are pending. And while the Honorable Marcia S. Krieger has not yet conducted a Final Pretrial Conference nor set a trial date, and will not do so until the dispositive motions are decided, *see* [#21 at 3], the circumstances presented do not amount to good cause to allow further discovery as such additional discovery would necessarily result in additional expenses and potentially delay trial. *See Jama*, 304 F.R.D. at 304.

Finally, Defendant does not contend, and this court does not find, that Plaintiff engaged in bad faith or willful misconduct. In further weighing the *Woodworker's Supply* factors, this court notes that Defendant acknowledges that some of the witnesses do, in fact, have expert knowledge in certain, defined areas. For instance, for Mr. Manuelidis, Mr. Trombley, Ms. Horn, Ms. Elias, Mr. Rusk, Mr. Boyd, Mr. Schmitt, and Ms. Anderson, Atain does not challenge the respective individual's qualifications as an expert with respect to certain topics, but objects due to the fact that it is unclear what opinions Plaintiff intends to elicit, the qualifications the person has with respect to the opinions to be elicited by Plaintiff, and the facts underlying any such opinions. *See e.g.*, [#76 at 6].

Accordingly, this court concludes that the appropriate course of action is to order Plaintiff to supplement its Rule 26(a)(2)(C) disclosures identifying the specific subject matter on which

each already-identified non-retained expert witness[1] is expected to present evidence, and to provide a summary of specific facts and opinions that Plaintiff seeks to elicit from each witness no later than **March 2, 2016**. Once Chief Judge Krieger determines the outcome of the pending dispositive motions, both the Parties and the court will have a clear sense of what issues, if any, remain for trial and upon which witnesses Plaintiff intends to rely. At that time, to the extent Plaintiff seeks to include the already-identified non-retained expert witnesses in the Final Pretrial Order, the court can then consider, within a fuller context of both relevance and prejudice, whether the proffered expert testimony should be admitted.[2]

Therefore, this court declines to strike the already-identified non-retained expert witnesses at this time, without prejudice to Defendant to renew its request to preclude these non-retained experts from offering expert testimony, to be determined by Chief Judge Krieger at the appropriate time or by this court upon referral if deemed appropriate by Chief Judge Krieger.

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that:

(1) Defendant's Motion to Strike Plaintiff's Non-Retained Experts [#76] is **GRANTED IN PART and DENIED IN PART**;

(2) Any designation of non-retained expert witnesses by category, *e.g.*, "current and former employees, agents, representatives, and custodian of records," is **STRICKEN**;

---

[1] Plaintiff may not name any additional witnesses, but rather, is limited to supplementing the disclosures for those individuals who are already identified by name.

[2] Nothing in this Order passes on whether the testimony offered by these witnesses, in either a lay person or expert capacity, is in fact, admissible.

(3) Plaintiff will supplement its Rule 26(a)(2)(C) disclosures for already-identified non-retained experts with specific information reflecting (1) the subject matter upon which the witness is expected to present expert testimony; and (2) a descriptive summary of the facts and opinions to which the witness is expected to testify no later than **March 2, 2016**; and

(4) No additional sanctions will be awarded at this time, but Defendant is granted leave to renew its request to preclude these non-retained experts from offering expert testimony, if appropriate, should Plaintiff persist in identifying them as non-retained experts in the Final Pretrial Order.

DATED: February 17, 2016　　　　　　　　　　BY THE COURT:

　　　　　　　　　　　　　　　　　　　　　　s/ Nina Y. Wang
　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge